350 So.2d 360 (1977)
HARLEY-DAVIDSON MOTOR COMPANY, INC., a Corporation, Appellant,
v.
Paul CARPENTER, Appellee.
No. 76-99.
District Court of Appeal of Florida, Second District.
October 5, 1977.
*361 Clifford L. Somers of Burton, Somers & Reynolds, Tampa, for appellant.
John W. Boult of Rood, Hapner, Boult & Dekle, Tampa, for appellee.
OTT, Judge.
In this products liability case we affirm the $48,500 jury verdict below in favor of plaintiff/appellee. Several aspects of the case warrant comment.
Plaintiff/appellee was involved in three separate motorcycle accidents. The first two accidents occurred approximately 10 months apart and were on a motorcycle owned by the appellee and manufactured by the defendant/appellant. The second accident occurred on October 22, 1973 and was the basis for this suit against the appellant. The third accident occurred about eight months after the second accident, on a different motorcycle. The third accident produced the most obvious injuries of the three and for this reason became a factor in this action.
In February 1974, pursuant to the National Traffic and Motor Vehicle Safety Act, appellant issued a "recall letter" [and a follow-up not material herein] on the model machine owned and ridden by the appellee in the first two accidents which read, in relevant part, as follows:
Harley-Davidson Motor Co., Inc. has determined that a defect which relates to motor vehicle safety exists in the frame and tail lamp wiring of the [applicable] model.
Your motorcycle is one of those produced which may develop cracks at the welded frame connections near the rear fender and shock absorber support bracket. Frame breakage may occur in this location after a period of motorcycle operation and could result in poor handling, possibly causing loss of control of the vehicle and personal injury or property damage. This failure could occur without warning.
For this reason we urge you to contact your Harley-Davidson dealer and arrange to have your frame reinforced according to the latest production method by weldment of two support braces to the rear support bracket.
On September 26, 1974 this action was filed which essentially is a products liability action allegedly resulting from a manufacturer's defect that was the proximate cause of the second accident and appellee's personal injury.
The testimony of the appellee was sufficient to show that the defect described in appellant's recall letter existed in the appellee's motorcycle and proximately caused the second accident and resulting injuries.
Even though the recall letters were not admissible to show that the defect discussed existed in the particular motorcycle owned by the plaintiff or caused the accident, they were admissible to show that the defect existed in the hands of the manufacturer. Nevels v. Ford Motor Co., 439 F.2d 251 (5th Cir.1971); Fields v. Volkswagen of America, Inc., 555 P.2d 48 (Okl. 1976).
In essence, then, we have a situation in which we cannot say as a matter of law that the appellee failed to establish the elements needed to prove a products liability case.
Appellant urges that the amount of the verdict was excessive. In the recent case of Bould v. Touchette, 349 So.2d 1181 (Fla. 1977) the supreme court held as follows:
The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. Lassiter v. International Union of Operating Engineers, 349 So.2d 622 (Opinion filed May 26, 1977).
While we were given pause by the amount of the verdict under the evidence in this case we cannot say that the amount offends this standard on appellate review.
*362 Appellant strenuously urged on this appeal that the lower court erred in treating assumption of risk as "simply another facet of comparative negligence" rather than an absolute bar. This question is now settled adversely to the appellant by the recent supreme court opinion in the case of Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977) and this court's opinion in Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976). In fairness to the appellant it should be pointed out that Blackburn was published subsequent to its appeal and argument before this court.
We fail to find reversible error and therefore affirm the judgment of the trial court.
BOARDMAN, C.J., and GRIMES, J., concur.