472 So.2d 1370 (1985)
Ernest BENDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1768.
District Court of Appeal of Florida, Third District.
July 30, 1985.
*1371 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We reverse the defendant's conviction upon a holding that the trial court erred in precluding the defendant from eliciting from his expert witness-psychiatrist the results of a computerized brain scan test (C.A.T.) upon which the expert relied in reaching and confirming his diagnosis that the defendant suffered from cerebral atrophy and organic brain syndrome. This condition, the defense contended, combined with the defendant's voluntary intoxication to cause an alcoholic blackout which prevented him from forming the necessary intent to commit the crime with which he was charged, namely, attempted murder in the first degree.
Despite the prosecutor's objection that the results of this C.A.T. scan, in the form of an opinion of the radiologist who read the test, were inadmissible hearsay when testified to by the psychiatrist, it is now specifically provided in the evidence code that
"[t]he facts or data upon which an expert bases an opinion or inference may be those perceived by, or made known to, him at or before the trial. If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence."
§ 90.704, Fla. Stat. (1983).
Thus, the hearsay rule poses no obstacle to expert testimony premised, in part, as here, upon tests, records, data, or opinions of another, where such information is of a type reasonably relied upon by experts in the field. LaCombe v. A-T-O, Inc., 679 F.2d 431, 435 n. 5 (5th Cir.1982); Bauman v. Centex Corp., 611 F.2d 1115, 1120 (5th Cir.1980); United States v. Hollman, 541 F.2d 196, 200-01 (8th Cir.1976); United States v. Williams, 447 F.2d 1285, 1290-92 (5th Cir.1971) (en banc), cert. denied, 405 U.S. 954, *1372 92 S.Ct. 1168, 31 L.Ed.2d 231 (1972); Sikes v. Seaboard Coast Line Railroad Co., 429 So.2d 1216, 1222 (Fla. 1st DCA), rev. denied, 440 So.2d 353 (Fla. 1983); Gomez v. Couvertier, 409 So.2d 1174, 1175 (Fla. 3d DCA 1982). Accord, Edwards v. United States, 483 A.2d 682, 685 (D.C. 1984). This principle is particularly applicable where the expert testimony involves the diagnoses and opinions of medical doctors, predicated upon medical history, tests, and reports prepared by non-testifying witnesses. United States v. Lawson, 653 F.2d 299, 302 (7th Cir.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); United States v. Partin, 493 F.2d 750, 764 (5th Cir.), appeal after remand, 552 F.2d 621 (5th Cir.1974), cert. denied, 434 U.S. 903, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977); United States v. Davila-Nater, 474 F.2d 270, 282-84 (5th Cir.1973); United States v. Harper, 460 F.2d 705, 706-07 (5th Cir.1972); Birdsell v. United States, 346 F.2d 775, 779-80 (5th Cir.), cert. denied, 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965); Jenkins v. United States, 307 F.2d 637, 641-42 (D.C. Cir.1962) (en banc); United States v. Phillips, 515 F. Supp. 758, 762-63 (E.D.Ky. 1981); In re Swine Flu Immunization Products, etc., 533 F. Supp. 567, 578 (D.Colo. 1980); see also Santos Wrestling Enterprises, Inc. v. Perez, 367 So.2d 685, 686 (Fla. 3d DCA), cert. dismissed, 372 So.2d 470 (Fla. 1979). As the court in Birdsell explained:
"With the increased division of labor in modern medicine, the physician making a diagnosis must necessarily rely on many observations and tests performed by others and recorded by them; records sufficient for diagnosis in the hospital ought be enough for opinion testimony in the courtroom."

Birdsell v. United States, 346 F.2d at 779-80.
In sum, then, while the reports and tests if offered alone may be inadmissible, testimony regarding diagnoses and opinions formulated in part through reliance upon this data is to be admitted. See, e.g., United States v. Partin, 493 F.2d at 764; United States v. Davila-Nater, 474 F.2d at 282; 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 703[01] (1982).
Thus, Section 90.704 and the modern cases recognize that the traditional constraints of the hearsay rule do not, in many instances, comport with the reality that expert opinions are based on other than first-hand observation, or matters presented in a trial, and that expert testimony based on "presentation of data to the expert outside of court and other than by his own perception," Law Revision Council Note (1976), 6C Fla. Stat. Ann. § 90.704, at 216 (1979), must be permitted. Inclusion of this source is designed:
"to broaden the basis of expert opinion beyond that currently allowed and to bring the judicial practice into line with the practice of the experts themselves when not in court. Thus, a physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, reports and opinions of nurses, technicians, and other doctors, hospital records, and X-rays.[1] The reasonableness of experts' reliance on this data may be questioned on cross-examination."
Id.
Having decided that the testimony in issue was improperly excluded, we quickly dispose of the State's two fall-back arguments. Its first is that the defendant, in the face of the trial court's ruling on the State's motion in limine to exclude the subject testimony, should nonetheless have attempted at trial to introduce the excluded *1373 testimony, and his failure to do so should be deemed a waiver of the point on appeal. Since the obvious purpose of a motion in limine is to prevent the very proffer which the State now suggests should have been made at trial,[2] we have no difficulty in concluding that a defendant who abides by an order in limine which prevents him from eliciting certain testimony at trial need not  and, indeed, should not  attempt to elicit such testimony to preserve the error of the trial court's earlier ruling.
The State's second fall-back argument is that any error was harmless, since the defendant's expert was able to, and in fact did, testify to his opinion that the defendant suffered from the stated diseases and defects which rendered him unable to form the requisite intent. While such testimony was given, the State overlooks that it, apparently with success, undermined this testimony by arguing to the jury that the defense expert's opinion was based solely on his observations of and conversations with the defendant and was unsupported by any other medical fact or opinion. In addition to being an improper argument, since contrary to facts well known to the prosecutor, the tactic exacerbated the harm of the error in the case.
The judgment of conviction is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] The note further reflects that the statute is modeled after Federal Rule of Evidence 703. The Notes of Advisory Committee appended to that rule, as originally proposed, point out that the information upon which physicians rely generally is admissible in evidence, "but only with the expenditure of substantial time in producing and examining various authenticating witnesses. The physician makes life-and-death decisions in reliance upon them." Fed.R.Evid. 703 advisory committee note, 28 U.S.C.A. p. 98 (1984). It accordingly was assumed that cross-examination of the doctor should satisfy judicial purposes.
[2] The prosecutor in the present case could not have explained the purpose of a motion in limine any better than she did:

"THE COURT: I'm wondering why this is the subject matter of a motion in limine?
"[PROSECUTOR]: The reason I did it in a motion in limine is because I felt [if] I waited until it was brought up that it would be one of those instances where it was already before the Jury before I had an opportunity to object based on hearsay, and rather than chance tainting the Jury, I did it in a motion."