499 So.2d 917 (1986)
Fay SAUL, Appellant,
v.
JOHN D. AND CATHERINE T. MacARTHUR FOUNDATION, an Illinois Not-for-Profit Corporation, d/b/a Palm Beach Spa, Appellee.
No. 4-86-0004.
District Court of Appeal of Florida, Fourth District.
December 24, 1986.
Ronald B. Ravikoff of Zuckerman, Spaeder, Taylor & Evans, Coral Gables, for appellant.
Dube and Wright, P.A., and Richard M. Gale, Miami, for appellee.
DOWNEY, Judge.
Appellant, Fay Saul (Saul), sued appellee, John D. and Catherine T. MacArthur Foundation, d/b/a Palm Beach Spa (The Spa), for damages resulting from injuries she sustained in a fall while a guest at The Spa. From a final judgment based upon a jury verdict in favor of The Spa, Saul perfected this appeal.
*918 While a guest at The Spa hotel, Mrs. Saul, age seventy-eight, exited an elevator on her floor and fell, she alleged, because the elevator, which was manually operated, had not been stopped level with the floor. As a result, she caught her heel on the floor and fell on her shoulder causing serious injury.
Saul was immediately taken to St. Mary's Hospital in West Palm Beach. X-rays were taken and she was informed that she needed immediate surgery. Preferring to return to New York City and the Lenox Hill Hospital for treatment, she was flown there the same day.
Upon arrival, Saul was admitted to Lenox Hill Hospital and underwent surgery, performed by Dr. Maurice Carter, an orthopedic surgeon. Thereafter, she was referred by Dr. Carter to Dr. Charles Neer, another orthopedic surgeon, to determine whether Saul's shoulder joint needed replacing with a prosthesis.
In due course this proceeding was filed. Saul testified via a videotaped deposition, during which she described how she had fallen at The Spa while leaving the elevator because her heel caught on the floor due to the operator's failure to properly level the elevator. The operator testified that she let Saul off at her floor without incident. She closed the elevator door and, after descending a few floors, heard a scream. Returning to the floor where she let Saul off, she found Saul lying on the floor in the hallway opposite the elevator. Dr. Neer also testified via videotaped deposition. In addition, his office notes and those of Dr. Carter, who did not testify, were admitted into evidence. The history portion of Dr. Carter's notes stated, "This is a 78 year old woman who fell yesterday by virtue of catching the heel of her shoe in the carpet." Dr. Neer's notes and a letter he wrote to counsel several years after the accident indicate that Saul was injured in a fall after tripping "on a rug." Thus, it appears that the focal point of this case vis-a-vis liability centered around Saul's fall and whether it was caused by tripping on a carpet or rug or by the negligence of The Spa's elevator operator. Saul contends on appeal that the jury verdict in favor of The Spa was caused by the trial court's error in admitting, over her objection, the statements in the Carter and Neer records stating that Saul fell due to tripping on a carpet.
Prior to trial, when the parties assembled in New York to take the videotaped depositions of Saul and Dr. Neer, counsel agreed that all objections except as to form were preserved and could be made by motion prior to trial.[1] They also agreed that Saul's medical records would be admissible at trial without being authenticated by a custodian thereof "subject to specific review by the parties to make sure that there isn't anything objectionable... ."[2]
Thereafter, well prior to trial, Saul filed a motion in limine objecting to the admission of any testimony or statements by the doctors in the records presented that Saul had fallen as a result of tripping on a carpet. The motion was heard immediately prior to trial and, although no express order appears in the record, it is clear that the trial judge overruled Saul's objection. The trial commenced with the presentation of the videotaped depositions of Saul and Dr. Neer. At the conclusion of Neer's deposition late in the afternoon, the trial judge declared a recess until the following morning. Upon reconvening, the trial *919 judge asked if counsel had anything to present and counsel for Saul stated:
MR. RAVIKOFF: Yes, my objection with respect to the motion in limine.
Before trial began yesterday we had arguments on a motion in limine with respect to statements in the medical records concerning how the accident occurred; specifically language referring to tripping on a rug or carpet.
I objected to that on the grounds that it had no foundation and it was hearsay. My objection was overruled.
But I want to preserve it for the purposes of the record.
The sole point on appeal has to do with the admission of the testimony and records that purport to state the cause of the fall was tripping on a carpet. From our careful scrutiny of the record we have concluded that the statements were objectionable, the objection was properly preserved, and their admission seriously prejudiced Saul's case.
The statements that Saul was injured by a fall caused by tripping on a carpet or rug are found in the history portion of the doctors' reports. The admissibility of such reports is controlled by section 90.803(4), Florida Statutes (1985), which excludes the following from the hearsay rule:
(4) STATEMENTS FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT.  Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment, or made by an individual who has knowledge of the facts and is legally responsible for the person who is unable to communicate the facts, which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
Thus, it appears that these statements, which would ordinarily be inadmissible hearsay, are admissible as an exception to the hearsay rule when they are relevant and necessary in consideration of the diagnosis and treatment of the patient. As the court said in Cook v. Hoppin, 783 F.2d 684 (7th Cir.1986), construing the comparable federal rule:[3]
By its own terms, Rule 803(4) does not exclude from the hearsay rule statements relating to fault which are not relevant to diagnosis or treatment. Roberts v. Hollocher, 664 F.2d 200, 204 (8th Cir.1981). See Advisory Committee Note to Fed.R.Evid. 803(4). The test, when examining whether statements contained in medical records relating to the cause of an injury are admissible hearsay, is whether such statements are of the type reasonably pertinent to a physician in providing treatment. See United States v. Iron Shell, 633 F.2d 77, 83 (8th Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). In determining which statements are relevant to diagnosis or treatment, each case must be examined on its own facts, and in making such a judgment much will depend on the treating physician's own analysis. 4 J. Weinstein and M. Berger, Weinstein's Evidence [para.] 803(4)[01], at 803-147 (1985).
In Cook's case, his physician testified that the statements relating to the alleged "wrestling match" were not of the type medical personnel generally rely on in making a diagnosis and providing treatment. Hoppin presented no evidence to rebut this assertion. Moreover, Cook's physician testified that he had not relied on these statements in his treatment of Cook. Based on this testimony, we find the statements inadmissible pursuant to Rule 803(4).
Id. at 690.
It appears to us that whether Saul tripped and fell injuring her shoulder because *920 she caught her heel on the floor due to negligence in leveling the elevator or because she caught her heel in the hallway carpet is not relevant to the diagnosis and treatment of her shoulder. Furthermore, Dr. Neer's testimony reflects that he has no idea where the factual information for the history came from. He testified he was not sure where the information came from: "But I can't say the patient gave me that history. That was the history in the chart." He further stated:
Q Doctor, there was some discussion on the cross examination as to the "trip on rug" language in your history. Do you have a specific recollection as to whether Mrs. Saul told you that?
A No.
Q Would it be customary or usual for you to take your history from Dr. Carter's history?
A It could be from Dr. Carter's history or it could be from the person who interviewed Mrs. Saul, or whoever talked to her on the phone, or whoever talked to Mr. Saul, or something like that.
Q Would it be correct to say that you have no specific recollection as to where that language came from?
A I don't know anything about the injury. It doesn't interest me. I wasn't there.
Q I understand you have no personal knowledge of the injury or how it occurred.
A No.
Appellee contends that, if the statements are not admissible under section 90.803(4), they are admissible under the business records exception to the hearsay rule codified in section 90.803(6), Florida Statutes (1985). Under that statute records are admissible if it is shown that the record was 1) made at or near the time of the event recorded, 2) by, or from information transmitted by, a person with knowledge, 3) kept in the course of a regularly conducted business activity, and 4) it was the regular practice of that business to make such a record. Thus, it is necessary for the movant to lay a proper foundation before such records are admissible and that was not done either as to Dr. Neer's testimony and records or that of Dr. Carter. Therefore, the part of the record containing the statements in question were not admissible over objection.
Having determined that there is no proper basis in the record to admit the subject records or testimony, we turn to the question of prejudice. In that regard, there is no question Saul was injured from a fall in appellee's premises. Furthermore, there are only two witnesses who could testify to the cause of the fall  Saul and the elevator operator. The operator says the elevator was level when Saul stepped out into the hallway. Saul says it was not level and that caused her to trip. Thus, the statements regarding the carpet as the culprit could well have destroyed Saul's credibility with the jury, and have ordained the defense verdict.
Accordingly, we hold that the trial court erred in overruling Saul's objection to the admissibility of the evidence in question requiring reversal for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Plaintiff's attorney stated as follows:

MR. RAVIKOFF: With respect to the depositions we are going to be taking today and the one tomorrow on videotape, we have agreed to all objections except as to form are preserved, that if either party wishes to raise an objection, it should be done by subsequent motion before the Court and should be done in such a fashion it can be ruled on by the Court at least 20 days before the trial date so there is time to edit.
[2] The attorneys agreed that:

We have stipulated that all of Fay Saul's medical bills and medical records relating to her shoulder injury are agreeable in terms of authenticity and admissibility for purposes of use at trial subject to specific review by the parties to make sure that there isn't anything objectionable, is that correct?
MR. WRIGHT: Yes... .
[3] Federal Rule of Evidence 803(4), nearly identical to the Florida rule, states:

(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.