506 So.2d 1106 (1987)
Michael ROBINSON, and Rent-O-Kill, Inc., Appellants,
v.
Thomas A. HUNTER, et al., Appellees.
No. 4-86-0243.
District Court of Appeal of Florida, Fourth District.
May 6, 1987.
Stay Granted, Rehearing Denied June 3, 1987.
Rosemary B. Wilder of Richard A. Sherman, P.A., Fort Lauderdale, for appellants.
Arnold R. Ginsberg and Fred Boruchov of Horton, Perse & Ginsberg, Miami, for appellees.
FEDER, RICHARD Y., Associate Judge.
During the medical testimony of this auto accident case, and orthopedic surgeon gave his opinion on permanent injury based in part on a thermogram report of another expert. Neither the report nor the thermography were admitted into evidence nor shown to the jury.
The doctor testified of a familiarity with thermography; that he regularly used it as a diagnostic tool; that he regularly relied on such tests; that he considered it an accurate, reliable test; and that he used it in the diagnosis in this case. Based on such predicate, the court permitted the doctor to give his opinion.
*1107 Florida Evidence Code § 90.704 specifically permits an expert to base an opinion upon facts or data of a type reasonably relied upon by experts, though the facts or data need not be admissible.
The Law Revision Council note to this section comments that the "reasonableness of the experts' reliance on this data may be questioned on cross examination." The note further states, "If it is feared that enlargement of permissible data may tend to break down the rules of exclusion unduly, notice should be taken that the section requires that the facts or data `are of a type reasonably relied upon by experts in the particular subject.'"
Note must also be made of Crawford v. Shivashankar, 474 So.2d 873 (Fla. 1st DCA 1985), which seems to indicate a necessity for the proponent to reinvent the wheel in each trial. The court there held that it is within the sound discretion of the trial court, when an expert relies upon outside data, to determine, "whether the reliability and acceptability of LCT [liquid crystal thermography] in the relevant scientific community has been adequately proven in a given case." Id. at 875.
This court feels that where one who has otherwise been qualified as an expert testifies to the reliability of the scientific procedure and its acceptance by similar experts a sufficient predicate has been laid on which the expert may base an opinion. This opinion is subject to cross examination or voir dire with the burden on the opponent to establish sufficient bases for its exclusion.
Affirmed.
ANSTEAD and GLICKSTEIN, JJ., concur.