LETTS, Judge.
A plaintiff sought damages for a knee injury sustained in an automobile accident. During the trial, evidence was adduced from a Florida doctor to support the theory that the injury was attributable to a prior boating incident. This evidence emanated from the plaintiff's medical history compiled by the treating physician in Massachusetts. The jury returned a verdict for the defendant. The plaintiff believes that the admission of that evidence, to which he objected, was reversible error. We disagree and affirm.
The principal case on which the injured plaintiff relies is Saul v. John D. and Catherine T. MacArthur Foundation, 499 So.2d 917 (Fla. 4th DCA 1986). In Saul, the plaintiff fell down and injured her shoulder upon exiting an elevator and was thereafter attended to by two sets of physicians to whom she gave conflicting stories as to the cause of her fall. One version was that she tripped over a hallway rug after leaving the elevator. A second version blamed the fall on the failure of the elevator operator to halt the cab level with the floor.
The paramount issue in Saul, as it is here, was whether the conflicting evidence of causation was admissible as an exception to the hearsay rule under section 90.-803(4), Florida Statutes (1985), which permits such statements given to physicians if they are “reasonably pertinent to diagnosis or treatment.” Interpreting this language, the Saul court noted that the key factor was the fall and that whether the plaintiff fell as the result of catching her heel in the carpet or because of an uneven elevator level “was not relevant to the diagnosis and treatment to her shoulder.” Id. at 920.
Sub judice, the question of causation was very much a part of the case history and we distinguish Saul from the case at bar. Whether the plaintiff injured his knee bumping it against the boat dashboard, while off-shore racing, or whether he twisted it in a later automobile accident were reasonably pertinent to both diagnosis and treatment and, therefore, within the parameters of admissible hearsay under section 90.803(4). Moreover, the question of aggravation of a preexisting injury is present in the case now before us, a factor which was not present in the Saul decision. Finally, the court in Saul made a point of the fact that the physician, whose evidence was excluded, had no knowledge as to how the information that the plaintiff had tripped over a rug came to be in his report. That lack of knowledge is not a factor in the instant case.
The foregoing discussion would not be complete without comment on the fact that the Florida doctor[1], who testified for the defense in court, was not the original treating physician in Massachusetts to whom, and whereat, the plaintiff ascribed the injury to a prior boating accident. In other words, the local doctor was neither the original examining, nor the original treating, doctor in whose files the statement about the boating accident had been recorded. This being so, the court was obviously faced with a double hearsay problem, which without more, would have rendered the doctor’s testimony inadmissible under section 90.803(4). However, *1129 there was more and a predicate for the Florida doctor’s testimony was laid through the video deposition of the original treating and examining physician in Massachusetts played to the jury. In that deposition, reference to the history of the boating accident contained in his files was also brought up.
We, therefore, hold that under the totality of the facts and circumstances of this case, the evidence objected to was admissible under section 90.803(4).
Turning to consideration of whether the testimony of the local expert doctor was also admissible under section 90.704, we note that this latter section states as follows:
The facts or data upon which an expert bases an opinion or inference may be those perceived by, or made known to, him at or before the trial. If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence.
In the words of Professor Ehrhardt’s scholarly treatise on Florida Evidence, “an expert may rely on facts or data that have not been admitted, or are even admissible when those underlying facts are of ‘a type reasonably relied upon by experts in the subject to support the opinion expressed’ .... An expert may rely upon hearsay in forming his opinions if that kind of hearsay is relied upon during the practice of the experts themselves when not in court.” Ehrhardt, Florida Evidence, § 704.1, at 411-412 (2d ed. 1984) See Gomez v. Couvertier, 409 So.2d 1174 (Fla. 3d DCA 1982). An expert can base his opinion on a patient’s medical history record. United States v. Harper, 460 F.2d 705 (5th Cir.1972); Ross v. State, 294 So.2d 663 (Fla. 2d DCA), cert. denied, 303 So.2d 645 (Fla.1974). Furthermore, an expert can testify about information offered by a third party as to the patient. Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985).
We, therefore, hold, under all the facts and circumstances of this case, that the evidence here under consideration was also admissible under section 90.704. In so concluding, we are not unmindful that section 90.704 should not be used to subvert other evidentiary rules. As Professor Ehrhardt also notes: “If the expert is called merely to serve as a conduit for placing inadmissible evidence before the jury, the trial court should exercise its discretion ... and keep the evidence from the jury.” Ehrhardt, Florida Evidence, § 704.1, at 414 (2d ed. 1984). We agree, but under the facts of the case at bar, the Florida court-appointed physician was not called merely for the purpose of disclosing the details of the boating accident. His primary function was to comply with the order of examination under Florida Rules of Civil Procedure 1.360.
We find no merit to any of the other arguments on appeal.
AFFIRMED.
GLICKSTEIN and GUNTHER, JJ., concur.

. While the appellant says he was court-appointed, the record is not clear on this and at one point there was an announcement that he was not the court's witness. However, it is clear the doctor conducted the examination under the auspices of Florida Rules of Civil Procedure 1.360.