549 So.2d 1071 (1989)
DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA, Appellant,
v.
Hank Jady WILLIAMS, Appellee.
No. 88-885.
District Court of Appeal of Florida, Fifth District.
September 14, 1989.
Rehearing Denied October 6, 1989.
H.A. Rigdon, Jr. of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Cocoa, for appellant.
Sammy Cacciatore of Nance, Cacciatore, Sisserson & Duryea, Melbourne, for appellee.
ORFINGER, Judge, Retired.
The State of Florida, Department of Corrections (DOC) appeals the final judgment entered against it and in favor of appellee Williams. We affirm, having carefully considered the issues raised by DOC but finding nothing in the record which compels reversal of the judgment. One issue, however, is worthy of discussion.
Williams was an inmate in the state-operated Brevard Correctional Institute and was severely injured when a tractor-mower on which he was working fell on him. The facts surrounding the occurrence were sharply in dispute, but the jury obviously accepted the plaintiff's version, and there is sufficient evidence to support its conclusion on any one of the three theories of negligence submitted to it. DOC contends that the trial court committed reversible error in refusing to permit DOC's expert witness to reveal the contents of an affidavit executed by inmate Lewis who was operating the tractor which fell on Williams, on which affidavit the expert relied in formulating his opinion as to how the accident occurred. At the time of trial, Lewis was no longer confined and could not be located to testify.
Section 90.704, provides:
The facts or data upon which an expert bases an opinion or inference may be those perceived by, or made known to, him at or before the trial. If the facts or data are of a type reasonably relied upon by experts in the subject to support the opinion expressed, the facts or data need not be admissible in evidence.
The trial court relied on this section when it ruled that DOC's expert, Clayton Morrison, could only testify that the affidavit of inmate Lewis was one of the categories of things he considered in forming his opinion, but could not read the contents of the affidavit to the jury. DOC acknowledges the affidavit was inadmissible as substantive *1072 evidence, but argues Morrison should have been permitted to testify as to its contents because it was reasonable for Morrison to rely on the facts contained in the affidavit. We reject the notion that the expert may be used as a conduit for the introduction of otherwise inadmissible evidence.[1] On the other hand, the party against whom the expert opinion is offered may require the expert to reveal the contents of the hearsay information on which the expert relied. Section 90.705, Florida Statutes (1987) provides:
(1) Unless otherwise required by the court, an expert may testify in terms of opinion or inferences and give his reasons without prior disclosure of the underlying facts or data. On cross-examination he shall be required to specify the facts or data.
(2) Prior to the witness giving his opinion, a party against whom the opinion or inference is offered may conduct a voir dire examination of the witness directed to the underlying facts or data for his opinion. If the party establishes prima facie evidence that the expert does not have a sufficient basis for his opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data.
In sum, while it was perfectly proper for the expert to consider the affidavit in formulating his opinion, the affidavit itself was hearsay and inadmissible. In Kurynka v. Tamarac Hospital Corp., Inc., 542 So.2d 412 (Fla. 4th DCA 1989), a medical malpractice case, the defense was permitted to introduce into evidence a laboratory report of a urine screening test which had been prepared by an outside laboratory and which had been inserted into plaintiff's hospital record. In holding the report inadmissible, the court noted that
The defendants also argue that the evidence would be admissible in any event because the report was used by the defense experts as a basis for their opinions. As a rule, experts may express opinions drawn from data that itself may not be admissible. Robinson v. Hunter, 506 So.2d 1106 (Fla. 4th DCA), rev. denied, 518 So.2d 1277 (Fla. 1987); Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985); § 90.704, Fla. Stat. However, an expert's testimony may not be used merely to serve as a conduit to place otherwise inadmissible evidence before a jury. Hungerford v. Mathews, 511 So.2d 1127 (Fla. 4th DCA 1987); Smithson v. V.M.S. Realty, Inc., 536 So.2d 260 (Fla. 3d DCA 1988); 3-M Corporation-McGhan Medical Reports Division v. Brown, 475 So.2d 994 (Fla. 1st DCA 1985).
See also Ehrhardt, Florida Evidence § 704.1.
Appellant's reliance on Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985) is misplaced. In Bender, the state, by motion in limine, prevented the defendant's expert psychiatrist from testifying that, in reaching his opinion that defendant suffered from cerebral atrophy and organic brain syndrome, he had relied, among other things, on the results of a computerized brain scan test (C.A.T.) as indicated in the report of the radiologist who performed the test. Before the jury, the state then argued that the defense expert's opinion was based solely on his observations of, and conversations with, the defendant and "was unsupported by any other medical fact or opinion." In reversing the conviction, the court, relying on section 90.704, *1073 held that the hearsay rule poses no obstacle to expert testimony premised in part on tests, records, data or opinions of another, where such information is of a type reasonably relied upon by experts in the field, and that the witness should have been permitted to reveal the fact that he had relied on this test in arriving at his conclusion.
Here, defendant's expert was permitted to testify that he relied on the information supplied by Lewis in his affidavit. The trial court did not abuse its discretion in rejecting the affidavit itself as inadmissible hearsay.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] It has been suggested that the trial court can sufficiently instruct the jury to regard the hearsay evidence only as an adjunct of the direct examination to illustrate the basis for the expert opinion and not as substantive evidence, but we agree that

The distinction will likely escape the jury, and the subterfuge should not be allowed to frustrate accepted hearsay policies. As in certain other areas of evidence law, it would by mythical to expect the jury simply to consider its illustrative effect and disregard its substantive content... . Respected authorities have urged that cautionary instructions may be helpful in expert witness situations to turn the jury away from the substantive force of underlying data, except where hearsay permeates the situation.
Carlson, Collision Course in Expert Testimony: Limitations on Affirmative Introduction of Underlying Data, 36 U.Fla.L.Rev. 234, 245 (1984).