LINDSEY, HUBERT R., Associate Judge.
Appellants, plaintiffs below, appeal the final judgment entered on a jury’s finding of no negligence on the part of the defendant. Points two and three raised by the appellants, we find to be without merit. The record and the law as to point one, however, require, in our judgment, reversal.
Appellant, Mrs. Visconti, a paying guest of the appellee’s apartments, sustained personal injuries as a result of a “slip and fall” while on appellee’s property. She presented evidence that her fall was caused by the appellee’s negligent maintenance of the floor surface. Appellee countered that the *198 cause of Mrs. Visconti’s fall was not lack of proper maintenance on the floor but her own negligence. Appellant’s point one is stated:
THE TRIAL COURT ERRED IN ALLOWING INADMISSIBLE HEARSAY CONTAINED WITHIN HOSPITAL RECORDS INTO EVIDENCE AND CROSS EXAMINATION REGARDING THESE STATEMENTS.
Admitted into evidence over appellants’ objections were a hospital emergency room service report which stated that Mrs. Vis-conti “fell coming out of the pool,” a hospital admission note which stated that Mrs. Visconti “slipped and fell at the pool,” a consultation note which stated that Mrs. Visconti “states that she got out of pool and was walking away when she slipped and fell” and a hospital discharge summary which stated that Mrs. Visconti “fell coming out of a pool.”
The above documents were introduced into evidence over appellant’s objections during the appellee’s cross examination of Mrs. Visconti as impeachment of her testimony. (She denied giving the history of the accident as indicated in the hospital records). The record before us does not reveal any foundation having been established for the introduction of these medical records into evidence. Appellant’s denial that she gave such history as appears in these records is not sufficient foundation to render such records admissible.
Assuming arguendo that the statements as to the cause of appellant’s fall set out in the records are "... statements made for purposes of medical diagnosis or treatment ...” as contemplated by section 90.803(4), Florida Statutes, appellee offered no evidence as a foundation for the admission of such records. Further, those statements which relate to cause of the fall are not statements made for the purpose of medical diagnosis or treatment and are, therefore, not admissible under section 90.-803(4). See Saul v. John D. and Catherine T. MacArthur Foundation, 499 So.2d 917 (Fla. 4th DCA 1986).
The statements were not admissible under the business records exception to the hearsay rule because appellee failed to establish a proper foundation by qualifying the statements as business records pursuant to section 90.803(6), Florida Statutes (1987). See Saul, supra.
Unquestionably, the appellants were prejudiced by the admission of such records.
We hold that the trial court committed error in admitting, over objection, the hospital medical records.
REVERSED AND REMANDED FOR A NEW TRIAL.
POLEN, J., concurs.
GARRETT, J., concurs specially with opinion.