665 So.2d 241 (1995)
Ronald BRANTLEY and Lillian Brantley, his wife, Appellants/cross-appellees,
v.
SNAPPER POWER EQUIPMENT, A DIVISION OF FUQUA INDUSTRIES, INC., etc., Appellee/cross-appellant, and
Yuasa/General Battery Corporation, Inc., and Degen's Turf and Gardening, Inc., Appellees.
No. 93-1200.
District Court of Appeal of Florida, Third District.
September 6, 1995.
Rehearing Denied January 17, 1996.
*242 Stephen N. Rosenthal, Miami, for appellants.
Popham, Haik, Schnobrich & Kaufman and Paul L. Nettleton, Miami, for appellee/cross-appellant.
Kubicki Draper and David B. Pakula; Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
This is an appeal from a defense verdict and judgment in a strict products liability case based on the plaintiffs' claim that the explosion of a riding mower the plaintiff was using was caused by a defective weld in the battery. The primary issue concerns the trial court's ruling, in accordance with its granting the defendants' in limine motion to that effect, excluding certain evidence of post-manufacture, pre-accident discovery of the defective weld problem  and the possibility of consequent explosions  which had been found in some of the mowers. The basis for the ruling was the claimed effect of section 90.407, Florida Statutes (1991), which precludes evidence of "subsequent remedial measures" in a negligence case. Section 90.407 was invoked because the defective weld problem had been documented in notices, service bulletins, and correspondence concerning the defect which set forth corrective measures to mitigate the explosion risk. There is no doubt that the determination below was entirely, prejudicially erroneous. As the Fourth District has recently and squarely held, section 90.407 does not apply to the pre-accident evidence involved in this case. Keller Industries v. Volk, 657 So.2d 1200, 20 Fla. L. Weekly D 1460 (Fla. 4th DCA June 21, 1995). Indeed, Keller Industries presents an a fortiori situation because it involves a design rather than, as in this case, a manufacturing defect. See Harley-Davidson Motor Co., Inc. v. Carpenter, 350 So.2d 360, 361 (Fla. 2d DCA 1977), and cases cited; Millette v. Radosta, 84 Ill. App.3d 5, 39 Ill. Dec. 232, 404 N.E.2d 823 (1980). We conclude that plaintiffs' position on this issue is properly preserved for appellate review at least with respect to the limitations imposed on plaintiffs' cross-examination of the defense expert witness,[1] and that reversal of the judgment is required.[2]
Because the issue may recur on remand, we also address how to make an offer of proof where the trial court excludes documents from evidence. See § 90.104(1)(b), Fla. Stat. (1993). In this case the trial court's order in limine had the effect of excluding from evidence certain post-manufacture, pre-accident notices, service bulletins, and correspondence on which the plaintiffs desired to rely. Plaintiffs made no offer of proof of the excluded documents at trial, nor were the excluded documents made part of the record of the motion in limine hearing.
Plaintiffs contend that they were excused from any obligation to make an offer of proof, because the trial court's order in limine forbade any mention of the documents at trial. Plaintiffs argue that they could not *243 have proffered the excluded documents at trial without violating the order in limine. We disagree.
When the trial court excludes evidence, an offer of proof is necessary (with some exceptions not applicable here) if the claimed evidentiary error is to be preserved for appellate review. See § 90.104(1)(b), Fla. Stat. (1993). This can be done without violating the order in limine by offering the excluded documents at trial outside the presence of the jury. See Michael H. Graham, Phillip A. Hubbart, Hugo L. Black, Jr. & Edward J. Imwinkelried, Florida Evidentiary Foundations, at 20 (1991). "Excluded documents ... should be marked for identification with a number and described fully in the record. This makes a record of the excluded evidence available to an appellate court so it can determine if error was committed in excluding the evidence and also makes it available for post trial motions." Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 22-10, at 333 (1994) (footnote omitted); see also § 90.104(1)(b), Fla. Stat. (1993); Fla. R.Civ.P. 1.450(b); Charles W. Ehrhardt, Florida Evidence §§ 104.3, 104.5 (1995). "In considering the form in which the offer of proof is to be made, a distinction should be made between testimony and documents or other tangible items. Documents and other exhibits are usually marked for identification and become part of the record on appeal even if excluded." Charles A. Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5040 (1977). The courtroom clerk will maintain the excluded documents along with any other exhibits offered at trial "but not admitted for one reason or another." Florida Evidentiary Foundations, supra, 1995 Cum.Supp., at 6 n. 9. Alternatively, if an adequate record of excluded evidence has been made at the hearing on the motion in limine, it is not necessary to make an offer of proof at trial. See Bender v. State, 472 So.2d 1370, 1372-73 (Fla. 3d DCA 1985);[3]see also Charles W. Ehrhardt, supra, § 104.5.
The final judgment is reversed and the cause remanded for a new trial.
NOTES
[1] Plaintiffs attempted to cross-examine the defense expert regarding the defective weld problem and Snapper's response thereto. The lengthy discussion at sidebar makes clear what the expert's testimony would have been, had the expert been allowed to answer.
[2] Assuming arguendo that section 90.407 were applicable here, the statute provides that "[e]vidence of measures taken after an event, which measures if taken before it occurred would have made the event less likely to occur, is not admissible to prove negligence or culpable conduct in connection with the event." The statute does not, however, preclude admission of such evidence when "offered to prove a material issue other than negligence or culpability; i.e., credibility of a witness, feasibility of precautionary measures, and existence of a defect." Charles W. Ehrhardt, Florida Evidence § 407.1, at 215-16 (1995)(emphasis added; footnotes omitted).
[3] Bender contains dictum stating that once the trial court has entered an order in limine excluding testimony at trial, the proponent of the evidence "need not  and, indeed, should not  attempt to elicit such testimony to preserve the error of the trial court's earlier ruling." 472 So.2d at 1373. Bender simply made the obvious point that the proponent of the excluded evidence is not allowed to violate the order in limine by offering the excluded evidence at trial in the presence of the jury. Bender does not preclude a proffer of the excluded evidence at trial outside of the hearing of the jury. Bender proceeds on the unspoken assumption that an adequate record of the excluded evidence has been made during the motion in limine hearing; where that has not been done, an offer of proof must be made at trial.

It should also be noted that where the order in limine is one admitting evidence (rather than an order excluding evidence), the objecting party must renew the objection at trial, else the objection is waived. E.g., Correll v. State, 523 So.2d 562, 566 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988).