694 So.2d 149 (1997)
Eric D. DONLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1879.
District Court of Appeal of Florida, Fourth District.
June 4, 1997.
*150 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
We affirm appellant Eric Donley's conviction of manslaughter with a firearm.
Donley was originally charged with one count of second degree murder. The charge was based on a street altercation in which Donley shot the victim, Tyrone Weems. Donley contended that the shooting was in self defense. He claimed that Weems was in a gang whose members dealt drugs and routinely carried guns; that gang members had threatened Donley with physical harm in the past; that gang members had followed Donley and a friend in an intimidating manner; that the victim and another gang member had said they were looking for Donley while waiving pistols in the air; and that when taken together, the sum of the gang members' prior conduct caused Donley to reasonably fear all members of the gang.
After Donley shot Weems, he ran from the scene. Under Donley's version of the facts, two gang members who were in the vicinity at the time of the shooting began to chase him. One of these gang members, Randall Adkins, retrieved a shotgun. Within minutes of the Weems shooting, Adkins fired a shotgun through the door of Donley's apartment. Donley hid out in the woods and turned himself into the police the next day.
Prior to trial, the State moved in limine to exclude evidence about the Adkins shooting, unless Adkins took the stand as a witness, in which case the state conceded that the incident would be proper impeachment evidence. The trial court granted the motion before trial, but indicated that he would allow the defendant to proffer testimony outside the presence of the jury concerning the Adkins shooting and reconsider his ruling at the time of any such proffer.
The defense never proffered any direct testimony concerning the Adkins shooting. The crime scene detective who responded after the fact observed a shotgun blast in the door, but he had no firsthand knowledge of when the damage was done or who was responsible for it. On several other occasions, defense counsel declined the opportunity to proffer testimony about the Adkins shooting.
Where a judge has tentatively granted a motion in limine concerning an area of evidence, but has indicated a willingness to reconsider the ruling after hearing a proffer of the actual testimony outside the jury's presence during trial, it is necessary to proffer the testimony sought to be introduced in order to preserve the issue for appeal. A judge's pretrial ruling on a motion in limine is "entirely tentative." State v. Zenobia, 614 So.2d 1139 (Fla. 4th DCA 1993). Such a ruling may be based on an incomplete oral proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence. The shifting sands of the trial in progress may cause a judge to rethink an earlier evidentiary ruling based on a maturing understanding of the case. See Blackburn v. State, 314 So.2d 634, 641 (Fla. 4th DCA 1975).
Especially where he indicates an openness to hearing a proffer of actual testimony, the trial judge should have an opportunity to consider the evidence in light of the evidence previously admitted at trial and while a witness is present in court to testify "as to any factual inquiry made necessary by *151 the circumstances." Gilliam v. State, 602 So.2d 986 (Fla. 4th DCA 1992)(Farmer, J., concurring); see Swan v. Florida Farm Bureau Ins. Co., 404 So.2d 802, 804 (Fla. 5th DCA 1981). Under the facts of this case, we hold that the exclusion of evidence concerning the Adkins shooting was not preserved for appellate review. See Robinson v. State, 575 So.2d 699, 703 (Fla. 1st DCA 1991).
We distinguish this case from Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985), in which the third district held that where an order in limine prevents a defendant from eliciting certain testimony at trial, the defendant need not attempt to elicit such testimony to preserve the issue for appellate review. In Bender, the trial court did not express an inclination to hear a proffer of testimony during trial. That case involved the exclusion of a discrete item of evidence, the results of a brain scan relied upon by a defense expert in rendering an opinion. The issue in this case was the admissibility of an entire event, a separate criminal act, that conceivably could have been established through multiple witnesses. The defendant in Bender did not decline the chance to proffer the actual testimony he sought to introduce. The testimony that was excluded was clear from the record.
As to the other issues on appeal, we find no error. Even assuming an error in the prosecutor's discovery response, the error was harmless since the information concerning the murder weapon was fully disclosed during Detective Rivers' deposition.
AFFIRMED.
POLEN and PARIENTE, JJ., concur.