PER CURIAM.
Assuming for present purposes that the weather data from the National Climatic Data Center were not independently admissible,* the trial court acted within its discretion in allowing the expert on direct examination to present the data as the basis for his expert opinion. That is. so because the underlying data was the beginning point for analysis, but some further analysis was required by the expert in order to apply the data to the harbor at Philipsburg, St. Maarten. See Sikes v. Seaboard Coast Line Railroad, Co., 429 So.2d 1216, 1222-23 (Fla. 1st DCA 1983); Michael H. Graham and Robert S. Glazier, Handbook of Florida Evidence § 704.1 (Second Edition 1996). We do not think that the expert acted as a mere conduit for inadmissible hearsay, as described in such cases as Gerber v. Iyengar, 725 So.2d 1181 (Fla. 3d DCA 1998); Nixon v. State, 694 So.2d 157 (Fla. 4th DCA 1997); Maklakiewicz v. Berton, 652 So.2d 1208 (Fla. 3d DCA 1995); Riggins v. Mariner Boat Works, Inc., 545 So.2d 430 (Fla. 2d DCA 1989); and Dept. of Corrections v. Williams, 549 So.2d 1071 (Fla. 5th DCA 1989).
Assuming for purposes of discussion, however, that the defendant’s objection should have been sustained and that the underlying weather data should not have been placed before the jury on direct examination, we conclude that any error was entirely harmless. The expert’s opinion on wind speed and direction was admissible even if the underlying data were not, see § 90.704, Fla. Stat. (1997), and defendant presented no expert opinion to the contrary. In view of that fact and the other evidence in the case, the error (if any) was entirely harmless.
Affirmed.

 But see § 90.803(8), Fla. Stat. (1997).