PER CURIAM.
Roy Hardman appeals his conviction and sentence for felonious possession of firearms. The State cross-appeals the trial court’s order granting a defense motion in limine. Because the court reporter’s notes for the transcript of Hardman’s trial cannot be located and the record cannot otherwise be reconstructed, we set aside the conviction and sentence under review without reaching the merits of the State’s cross-appeal. We remand for a new trial.
Hardman filed a motion to compel the court reporter to transcribe and file the transcript of his trial for use in this appeal. The court reporter’s firm responded by advising this court that the court reporter who covered Hardman’s trial was no longer in its employ and could not be contacted despite several attempts to do so. It further advised that it did not have the notes for Hardman’s trial.
This court remanded for an evidentiary hearing on whether the trial transcript could be prepared and, if not, whether the record could otherwise be reconstructed. The trial court conducted the hearing and issued an order finding that, despite the good faith efforts of the court reporter’s firm, the transcript could not be completed and the record could not otherwise be reconstructed. As the State properly concedes, under these circumstances we are compelled to vacate Hardman’s conviction and sentence, and to remand the case for a new trial. See, e.g., Delap v. State, 350 So.2d 462 (Fla.1977); Fairell v. State, 662 So.2d 428 (Fla. 3d DCA 1995).
We decline to address the merits of the State’s cross-appeal of the order in limine. Lacking a transcript, we cannot review the evidence at trial in order to determine whether the court properly granted Hard-man’s motion in limine. Cf. Donley v. State, 694 So.2d 149 (Fla. 4th DCA 1997) (noting propriety of granting motion in limine may depend on how evidence develops at trial).
Conviction and sentence set aside; remanded for new trial.
BLUE, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.