PLEUS, J.
Isabell Spindler, as personal representative of the' estate of Arthur H. Spindler, sued The Oaks at Seven Rivers Community Hospital and Dr. Mercedes Brito-De-forge in a wrongful death/medical malpractice action. The claim arose from the suicide death of Spindler’s husband, Arthur H. Spindler, who hanged .himself with a belt from the closing arm of a. bathroom door in his hospital room. Dr. Brito-De-forge was his admitting psychiatrist.
Seven Rivers Hospital had a written policy and procedures manual which prohibited weight-bearing bars in the rooms of the psychiatric wards.[1] The hospital settled in mediation prior to trial and the suit proceeded against Dr. Brito-Deforge, resulting in a jury verdict in her favor.
In Count I of her complaint, Spindler alleged that Dr. Brito-Deforge’s conduct fell below the prevailing professional standards of care because she failed in part “to provide adequate suicide precautions and safeguards to ensure that no harm would come to Arthur H. Spindler while a patient at Seven Rivers Community Hospital,” and “to remove from Arthur H. Spindler’s possession and control all dangerous objects *964 in his possession or objects or material which could be used by him in a suicide attempt.”
During a deposition, Dr. Brito-Deforge’s expert witness, Dr. Sprehe, was asked whether Dr. Brito-Deforge was required to follow the hospital’s policy and procedures manual. He answered, “If it says stand on your head, you better stand on your head and if it doesn’t say that, you don’t have to do it.” ,
In pretrial discussions before the trial judge, Spindler’s counsel argued that one of Dr. Brito-Deforge’s omissions was a failure to follow the hospital’s policies regarding the removal of weight-bearing bars from patients’ rooms. Dr. Brito-De-forge filed a motion in limine and a document entitled “Motion to Prohibit Expert Testimony of Opinions Not Divulged in Depositions.”
After a hearing on the morning before the trial began, the trial court granted the motion in limine. The following conversation occurred between the court and Spin-dler’s counsel:
The Court: I am not, Mr. Comfort, going to allow you in any way to discuss the weight-bearing bars as connected to the doctor.' In other words, you will be precluded from attempting to point to the doctor with regard to that being the standard of care that she breached, because of the fact that there was a weight-bearing bar in the room.
Mr. Comfort: Your Honor, I’d like the opportunity after the court has heard the testimony of the witnesses to revisit this issue. .
The Court: Well, I’ll give you an opportunity.
Mr. Comfort: I’m asking that this not be done with prejudice to me not raising it again later on in the trial.
The Court: Alright.
The judge then reiterated a willingness to accept the proffer during the trial with the following statement:
■The .Court: Now, if you wish to, I will hear from you later after testimony. So if you feel that you wish to bring this up again later, briefly, after there’s been testimony. But at this, point in time, I’m going to preclude you from utilizing it as it involves the doctor.
Spindler contends on appeal that where an order in limine prevents a defendant from eliciting certain testimony at trial, the defendant need not proffer such testimony to preserve the issue for appellate review. Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985). However, this case is more analogous to Donley v. State, 694 So.2d 149 (Fla. 4th DCA), cause dismissed, 697 So.2d 1215 (Fla.1997), in which the court held that if a trial judge tentatively grants a motion in limine concerning an area of evidence, but then indicates a willingness to reconsider its ruling after hearing the witness’ testimony, it is necessary to proffer the testimony sought to be introduced in order to preserve the issue-for appeal.
In this case, the trial court’s pretrial ruling on the motion in limine was tentative and based upon an incomplete oral proffer. The “shifting sands” of trial may cause a judge to rethink an earlier eviden-tiary ruling. based on a matured understanding of the case. The necessity of proffering the testimony is especially important where a judge has indicated a willingness to reconsider a prior ruling and entertain the proffer. Because no proffer was made, the judgment is affirmed.
AFFIRMED.
W. SHARP, J., and JOHNSON, W. C., Associate Judge, concur.

. The manual states:
POLICY: It is the policy of The Oaks at Seven Rivers Community Hospital to equip, operate, maintain and monitor the environment to ensure safety for patients....
PROCEDURE: Glass objects, weight-bearing bars, removable ceilings, firearms, explosives and any potential weapons will be prohibited in the unit.