DALLAS & MAVIS FORWARDING CO.,
INC., Plaintiff-Appellant,

v.

Robert E. STEGALL and Margaret I.
Stegall, Defendants-Appellees.

No. 80–3258.

United States Court of Appeals,
Sixth Circuit.

July 8, 1981.

John David Cole, David Anderson, Cole, Harned & Broderick, Bowling Green, Ky., for plaintiff-appellant.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, Ky., for defendants-appellees.

Before LIVELY, KEITH and MERRITT, Circuit Judges.

ORDER

This diversity case raises two questions of the admissibility of evidence at trial. On the night of October 25, 1977, defendant-appellee Margaret Stegall was driving on Interstate 65 in Kentucky, with her husband. Weather conditions were bad, the road was wet, and visibility was poor, so she was driving at a reduced rate of speed. A large truck owned by plaintiff-appellant, traveling at a faster speed, came close behind her car and moved into the left-hand lane to pass. The front right wheel of the truck "bumped" the left rear side panel of the car, and the truck swerved through the left guardrail and onto the median, where it toppled on its side. The driver was hospitalized. Defendants' car was not seriously damaged, but they pulled over to investigate and await the arrival of the state police.

Plaintiff brought suit, alleging that while the truck was passing, defendants' car had edged into the left lane, causing the collision. Defendants counterclaimed. No physical evidence on the road existed to resolve the issue. The only eyewitness, in addition to the parties, was another employee of plaintiff, who was driving a truck immediately behind the one that was wrecked. He told the state trooper who was called to the scene that defendants' car had moved into the left lane.

Two pieces of evidence offered by plaintiff were held inadmissible upon objection

by the defense. One was the opinion of the trooper as to the exact location of the accident based upon interviews with the parties and the witness, and the other was the trooper's accident report, which contained a similar expression of opinion as to the place of impact. After trial the jury found for neither party. Plaintiff appeals to this Court, arguing that the two pieces of evidence are admissible according to the Federal Rules of Evidence.

Plaintiff argues that the trooper's opinion should be admissible as expert testimony. Fed.R.Evid. 703 states that "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data [upon which the expert bases his opinion] need not be admissible in evidence." The question thus is whether the data used by the trooper in this case is of the type reasonably relied upon. The Advisory Committee states that the Rule "would not warrant admitting in evidence the opinion of an 'accidentologist' as to the point of impact in an automobile collision based on statements of bystanders, since th[e] requirement [that the data be of a type reasonably relied on] is not satisfied." We agree with the district court that under this Rule the opinion of the trooper was not admissible, because it was based on no physical evidence (none existed) and was derived primarily from the story of a biased eyewitness. This is the sort of hearsay testimony whose admission the Rule was meant to foreclose. The trial process is better served when a biased eyewitness declarant is required to testify directly and to be subject to cross-examination. To permit his opinion to be heard through the testimony of an official would cloak it with undeserved authority that could unduly sway a jury.

The admissibility of the state trooper's accident report is governed by Fed.R. Evid. 803(8), which allowed the admission of "reports...of public offices or agencies, setting forth...(B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ... or (C) in civil actions...factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." We believe that the district court did not abuse its discretion in refusing to admit the state trooper's report. Like the statement of opinion, the accident report contained no physical data or evidence. Rather, it primarily consisted of the statements of opinion discussed *supra*, reduced to written form. One of the factors presented by the Advisory Committee to consider when determining the admissibility of evidence under Rule 803(8)(C) is whether "possible motivation problems" exist. Here such a problem clearly was possible given the source of the trooper's opinion expressed in his report. Thus, the district court could well conclude that Fed.R.Evid. 803(8)(C)'s requirement that the source of information for a report be trustworthy was not satisfied.

Accordingly, the judgment of the district court is affirmed.