536 So.2d 260 (1988)
Florence SMITHSON, Appellant,
v.
V.M.S. REALTY, INC., Appellee.
No. 87-25.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Rehearing Denied February 7, 1989.
*261 Stephen Cahen; Joseph C. Segor, Miami, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy Gallagher, Miami, for appellee.
Before SCHWARTZ, C.J., BASKIN, J., and JOSEPH P. McNULTY, Associate Judge.
BASKIN, Judge.
Florence Smithson's husband, a manager at the Kendall Mall theatre, was robbed and murdered while attempting to make a deposit in the night depository of a bank located in the Kendall Mall. Appellant Smithson instituted a wrongful death action against V.M.S. Realty, Inc., owner of the Kendall Mall. After a five-day trial, the jury entered a verdict in favor of VMS. Mrs. Smithson appeals from the adverse final judgment. She raises several points; one merits reversal.
Mrs. Smithson argues that the trial court erred in permitting defendant to use an expert witness as a conduit for the introduction of inadmissible and prejudicial hearsay testimony. VMS responds that the expert witness was entitled to rely on inadmissible evidence as the basis for his opinion.[1]
A review of the record convinces us that the trial court erred in permitting the introduction of incompetent testimony. Although an expert witness is entitled to render an opinion premised on inadmissible evidence when the facts and data are the type reasonably relied on by experts on the subject, Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985); Sikes v. Seaboard Coast Line R.R., 429 So.2d 1216, 1222 (Fla. *262 1st DCA), review denied, 440 So.2d 353 (Fla. 1983); Gomez v. Couvertier, 409 So.2d 1174 (Fla. 3d DCA 1982); § 90.704, Fla. Stat. (1985), the witness may not serve merely as a conduit for the presentation of inadmissible evidence. See Sikes, 429 So.2d at 1222-23; see also 3-M Corp.  McGhan Medical Reports Div. v. Brown, 475 So.2d 994, 998 (Fla. 1st DCA 1985). See generally C. Ehrhardt, Florida Evidence § 704.1 at 414 (2d ed. 1984). "Where the expert's actual opinion parallels that of the outside witness, then the outside witness should be produced to testify directly." Sikes, 429 So.2d at 1223. Here, defendant's expert interviewed the individuals who robbed and murdered appellant's husband. When questioned at trial about the adequacy of defendant's security, he recited the perpetrators' out-of-court explanations[2] of their scheme and motives for committing the crime, thereby introducing inadmissible matters in the course of his direct examination. See Dallas & Mavis Forwarding Co., Inc. v. Stegall, 659 F.2d 721 (6th Cir.1981); Commonwealth v. Kendell, 9 Mass. App. 152, 399 N.E.2d 1115 (1980).
The purpose of expert testimony is to "assist the trier of fact in understanding the evidence or in determining a fact in issue ... .," § 90.702, Fla. Stat. (1985), but "expert testimony is not admissible at all unless the witness has expertise in the area in which his opinion is sought." Husky Indus., Inc. v. Black, 434 So.2d 988, 992 (Fla. 4th DCA 1983). The witness was qualified to render an opinion on security matters and on the defendant's allegedly negligent security procedures, but not on the robbers' motives for choosing Mr. Smithson as their target. The reasoning behind the coconspirators' conduct is a matter beyond the scope of his expertise. See United Technologies Communications Co. v. Industrial Risk Insurers, 501 So.2d 46 (Fla. 3d DCA 1987); Husky Indus.
Furthermore, although the court repeatedly and emphatically informed defense counsel that testimony as to Mr. Smithson's resistance to the robbery was not admissible, the court permitted defense counsel to question the expert witness concerning whether Mr. Smithson complied with the company directive to accede to robbers' demands. The expert responded, "No." That answer was tantamount to evidence that Mr. Smithson resisted the robbery, a matter the trial court stated was not at issue. The prejudicial nature of the testimony was not cured by the court's instruction that a victim "is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments... ." See Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681, 682 (Fla. 3d DCA 1984).
Our resolution of this issue renders the remaining issues moot.
Reversed and remanded for a new trial.
NOTES
[1] VMS incorrectly contends that this issue was not preserved for review. At trial, appellant's counsel objected to the expert's testimony as hearsay in a motion in limine and during the expert's testimony. The court denied the motion and overruled counsel's objections. Counsel's actions preserved the issue for review. § 90.104(1)(a), (2), Fla. Stat. (1985); see Simmons v. Baptist Hosp. of Miami, Inc., 454 So.2d 681 (Fla. 3d DCA 1984).
[2] Appellant has not raised the possibility of bias in their statements. See Dallas & Mavis Forwarding Co. v. Stegall, 659 F.2d 721 (6th Cir.1981).