652 So.2d 1208 (1995)
Marta MAKLAKIEWICZ, as Personal Representative of the Estate of Renata Maklakiewicz, Appellant,
v.
Gerald BERTON, Appellee.
No. 94-664.
District Court of Appeal of Florida, Third District.
March 29, 1995.
Rehearing Denied May 3, 1995.
Conroy, Simberg & Lewis and Hinda Klein, Hollywood, for appellant.
*1209 Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane and Paul H. Field, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
BASKIN, Judge.
Plaintiff appeals a final judgment in a wrongful death action. We reverse.
Marta Maklakiewicz, as personal representative of the estate of her deceased mother, Renata Maklakiewicz [plaintiff], sued Gerald Berton, seeking damages for Renata's wrongful death caused by Berton's negligent operation of his automobile. Berton's car struck Renata as she was crossing the street. The main issue at trial was whether Renata was crossing the street from the east or from the west in order to establish whether Berton had adequate time to see her and react.
Plaintiff filed a motion in limine seeking to limit the testimony of defense witness Officer Keith Delano who had investigated the accident. Plaintiff asserted that the basis for the officer's conclusions would be inadmissible hearsay accounts of the incident: the alleged observations of a homeless person who was never found for deposition or trial testimony, and the conclusions of the medical examiner who was not deposed and did not testify. The court permitted the officer to testify and present his conclusions as an accident reconstruction expert. The jury found Berton forty-five percent negligent, Renata fifty-five percent negligent, and awarded plaintiff $150,000. The court entered judgment accordingly. The court denied plaintiff's motion for a new trial.
We reverse the final judgment on the issue of liability because we hold that the trial court abused its discretion in permitting the sole defense expert witness, the police officer, to convey to the jury inadmissible hearsay statements.
"Although an expert witness is entitled to render an opinion premised on inadmissible evidence when the facts and data are the type reasonably relied on by experts on the subject, the witness may not serve merely as a conduit for the presentation of inadmissible evidence." Smithson v. V.M.S. Realty, Inc., 536 So.2d 260, 261-262 (Fla. 3d DCA 1988) (citations omitted); Riggins v. Mariner Boat Works, Inc., 545 So.2d 430, 432 (Fla. 2d DCA 1989); Sikes v. Seaboard Coast Line R. Co., 429 So.2d 1216 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla. 1983). The record demonstrates that Officer Delano's testimony served solely as a conduit for inadmissible hearsay: the officer physically inspected the accident scene but testified that he would be unable to render an opinion with finality without relying on the hearsay statements. Hence, his conclusion as an expert was based on the inadmissible evidence. Section 90.704, Florida Statutes (1993), does not "typically permit an expert to render an opinion exclusively upon inadmissible facts or data." Riggins, 545 So.2d at 432.
Moreover, the presentation of the inadmissible evidence before the jury through the testimony of the officer as an accident reconstruction expert unfairly prejudiced the plaintiff and misled the jury by giving the inadmissible evidence the expert's imprimatur of approval and reliability. Riggins. Thus, the opinion's prejudicial effect out-weighed any arguable probative value of the evidence, and should have been excluded.
Based on the foregoing reasoning, the judgment is reversed as to liability, and the cause remanded for a new trial on this issue.
Reversed and remanded.