Patrick R. **PHILLIPS,** Plaintiff–Appellant,

v.

**NORTHWEST AIRLINES CORPORATION,** Defendant–Appellee.

No. 02–1928.

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Thomas H. Bannigan, Ravid & Associates, Southfield, MI, for Plaintiff–Appellant.

David R. Baxter, Daniel J. Seymour, Nagi, Baxter & Seymour, Detroit, MI, for Defendant–Appellee.

Before: MARTIN and MOORE, Circuit Judges; and WEBER, District Judge.[*]

PER CURIAM.

Plaintiff–Appellant Patrick R. Phillips appeals from an order of the district court, granting Defendant–Appellee Northwest Airlines Corporation's motion for summary judgment. For the reasons stated below, we affirm.

**I.**

Plaintiff Phillips was employed by Signature Flight Support, Inc., a company under contract with Defendant Northwest to provide refueling services to Defendant's aircraft at the Detroit Metropolitan Airport. On September 21, 1999, he was injured while performing his job, when a baggage transport vehicle or "tug" allegedly owned by Defendant and operated by an unidentified employee of Defendant forced Plaintiff to become trapped against one of Signature's refueling trucks. A local law enforcement agency and Plaintiff's employer prepared reports regarding the incident, both of which referred to the tug as belonging to Northwest.

Plaintiff filed suit against Northwest in Michigan state court, and Defendant removed the matter to federal district court based on diversity jurisdiction. On April 23, 2001, Defendant moved for summary judgment as to Plaintiff's complaint in its entirety. The district court granted summary judgment as to certain claims, but denied the motion as to Plaintiff's claims sounding in common law negligence, noting that the matter was "of recent origin." and that Plaintiff appeared to be attempting "to establish the identity of the driver who, in his judgment, was responsible for the injuries of which he complains."

The parties then proceeded with discovery. As part of that process. Defendant produced a lengthy list of all Northwest employees who had been on duty at the time of the alleged incident. Plaintiff, however, deposed only one Northwest employee, and elicited no further information to identify the tug in question or its driver.

On March 22, 2002—nearly a year after the ruling on its original summary judgment motion—Defendant filed a second motion for summary judgment, arguing, *inter alia*, that Plaintiff had presented insufficient evidence to show that Northwest was responsible for his alleged injuries. The district court granted the motion based on Plaintiff's continued inability to positively identify the owner or driver of the tug involved, and entered judgment accordingly. Plaintiff appeals from that decision.

**II.**

This Court reviews *de novo* a district court's grant of summary judgment. *See*

[*] The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

*Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir.2001), *cert. denied*, 537 U.S. 813, 123 S.Ct. 73, 154 L.Ed.2d 15 (2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©. No genuine issue of material fact exists "unless a reasonable jury could return a verdict for the nonmoving party." *Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 801 (6th Cir.), *cert. denied*, 536 U.S. 959, 122 S.Ct. 2663, 153 L.Ed.2d 838 (2002) (quoting *Cockrel*, 270 F.3d at 1048). Additionally, "[i]n reviewing a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party." *Id.*

## III.

Under Michigan law, a plaintiff must prove the following four elements in order to establish a prima facie case of negligence: 1) a duty owed by the defendant to the plaintiff; 2) a breach of that duty; 3) causation; and 4) damages. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 449, 506 N.W.2d 175 (1993). Plaintiff has offered limited evidence to substantiate his allegation that Defendant was responsible for causing any breach of duty that may have occurred. First, he relies on his own observations, as recorded in his written statement to his employer, indicating that the tug was driven by "a N.W. worker." In addition, he presents a Wayne County police report regarding the incident, which refers to an "unknown" vehicle as having been owned by "Northwest Airlines." (Jt.Appx. p. 355). Finally, he cites an accident/incident report prepared by Signature, stating that the incident involved a "NW tug." (Jt.Appx. pp. 358–59).

It is undisputed that both the police report and Signature's incident report were completed by individuals who did not witness the accident. As a result, the identifying information within them must have been based either on supposition or on information provided by another (presumably Plaintiff or a coworker). The Federal Rules of Evidence provide that such business or public records are admissible as exceptions to the hearsay rule, "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R.Evid. 803(6), (8).

As a general rule, a statement appearing in a police report relating to responsibility for an accident or injury "would properly be admitted in evidence if (1) it constituted a statement of fact, as distinguished from an opinion or conclusion, and (2) it represented the personal observations of the reporter, not a relaying of what someone else had told him." W.R. Habeeb. Annotation. *Admissibility of Report of Police or Other Public Officer or Employee, or Portions of Report, as to Cause of or Responsibility for Accident, Injury to Person, or Damage to Property*, 69 A.L.R.2d 1148, 1152, 1960 WL 13120 (1960 & Supp. 1995, 2003). The Advisory Committee Notes to Rule 803 also state that "[p]olice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer." *See Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir.1994); *see also Dallas & Mavis Forwarding Co., Inc. v. Stegall*, 659 F.2d 721, 722 (6th Cir.1981) (district court did not abuse discretion in refusing to admit under Rule 803(8) police report consisting primarily of statements of biased eyewitnesses).

Similarly, Plaintiff's perception that the tug and driver must have been associated with Northwest would seem to gain no

greater credibility simply because it was incorporated into a business record maintained by his employer. *See Dorsey v. City of Detroit*, 858 F.2d 338, 343 (6th Cir.1988) (quoting Advisory Committee Notes to Rule 803(6) to effect that "hesitation must be experienced in admitting everything which is observed and recorded in the course of a regularly conducted activity"). Such reports thus do not substantially bolster Plaintiff's identification evidence.

We agree that Plaintiff did not set forth a prima facie case of negligence against Defendant, because Plaintiff failed to present evidence legally sufficient to establish that the vehicle involved in the incident was owned and operated by Defendant. The trial court specifically alluded to Plaintiff's failure to diligently pursue discovery on that issue, despite having had adequate opportunity to investigate information Northwest provided, naming all employees who potentially could have been operating a tug in Plaintiff's vicinity on September 21, 1999. In light of Plaintiff's inability to establish Northwest's responsibility for the accident. Defendant was entitled to judgment as a matter of law. As a result, reviewing Defendant's additional asserted grounds for summary judgment is unnecessary. We note, however, that Plaintiff has failed to present any evidence of Defendant's breach of duty.

We therefore affirm the district court order granting summary judgment in favor of Northwest Airlines Corporation.