NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0456n.06
Filed: June 1, 2005

Case No. 03-3566

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **GREGORY J. RAFT,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **v.** | ) | **COURT FOR THE** |
| | ) | **NORTHERN DISTRICT OF OHIO,** |
| **COMMISSIONER OF INTERNAL** | ) | **WESTERN DIVISION** |
| **REVENUE,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

BEFORE:    KENNEDY and COOK, Circuit Judges; and VARLAN, District Judge[1]

VARLAN, District Judge.   Pro se Michigan resident Gregory J. Raft appeals a district court judgment that dismissed a civil complaint challenging an adverse decision from the Internal Revenue Service ("IRS").  The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  We unanimously agree that oral argument is not needed.  *See* Fed. R. App. P. 34(a).  We affirm the decision of the district court.

I.

On September 20, 2000, the IRS issued Raft a notice of intent to levy regarding his unpaid federal income tax liabilities for the tax years 1993 and 1994.  The notice was sent

---

[1]The Honorable Thomas A. Varlan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

by certified mail to Raft's post office box and the record contains a delivery notice from the postal service indicating that a certified letter was available to be picked up until October 8, 2000. Raft never claimed the notice of intent to levy and subsequently advised the IRS that he did not pick up the letter due to illness. On March 7, 2001, the IRS issued a notice of levy on wages, salary, and other income to Raft's employer to collect his outstanding tax liabilities, at that time calculated to be $11,406.68. Raft requested a collection due process ("CDP") hearing on April 2, 2001.

The IRS Office of Appeals rejected Raft's request for a CDP hearing because his request was received more than 30 days after the issuance of the September 20, 2000 notice. However, the IRS offered to hold an "equivalent hearing" not subject to judicial review pursuant to 26 C.F.R. § 301.6330-1(i). Following the hearing, the IRS notified Raft that his request for relief from the levy was denied. The decision letter stated that Raft "did not present any relevant documentation to challenge" his tax liabilities and he "did not raise any relevant challenges to the appropriateness of the Levy or supply documentation to consider alternative methods of collection." (J.A. at 20.) The decision letter reiterated that Raft had no right to judicial review of the decision under sections 6320 and 6330 of the Internal Revenue Code ("IRC"), 26 U.S.C.

On January 14, 2002, Raft filed a petition in the Tax Court seeking to challenge the decision letter denying the relief requested at his equivalent hearing. The case was dismissed on the Commissioner's motion, with the Tax Court holding that the decision letter resolving Raft's equivalent hearing was not a notice of determination sufficient to confer jurisdiction

on the Tax Court under IRC section 6330.

The instant case was filed on June 13, 2002, in which Raft purports to appeal an adverse CDP hearing decision. The district court granted the Commissioner's motion to dismiss for lack of subject matter jurisdiction, finding that Raft had failed to request a CDP hearing in a timely manner after the IRS had properly mailed him a notice of intent. The district court further held that actual receipt of the notice of intent to levy was not a necessary predicate to start the 30-day period for requesting a CDP hearing.

## II.

We review de novo a district court's order dismissing a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Id*. The district court's factual findings made in resolving a motion to dismiss are reviewed for clear error while its application of the law to the facts is reviewed de novo. *Id*; *see RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996).

## III.

On appeal, Raft argues that the district court failed to require the Commissioner to comply with 26 U.S.C. § 6330(c)(1), that is, the district court did not require the Commissioner to provide verification that it complied with all administrative procedures.[2]

---

[2]26 U.S.C. § 6330(c)(1) states that, "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative

3

Raft contends that the Commissioner must demonstrate that the IRS employee who sent out the notice of intent to levy had authority to do so pursuant to a delegation order or redelegation order from the Secretary of the Treasury and that the Hearing Officer failed to obtain such verification. The Commissioner argues that the district court properly concluded that it lacked subject matter jurisdiction and further that Raft's argument on appeal is untimely and without merit. We agree.

The district court properly concluded that it lacked jurisdiction. Under § 6330, the Commissioner must notify a taxpayer of his right to request a CDP hearing at least 30 days before a levy is made; the taxpayer then has 30 days from the date of the notice to request a CDP hearing. 26 U.S.C. § 6330(a). Section 6330(d)(1) allows the taxpayer to seek judicial review of a notice of determination following a CDP hearing. The taxpayer may appeal to the Tax Court if the underlying taxes are among the types of taxes that the Tax Court generally has jurisdiction to review, such as income taxes. 26 U.S.C. § 6330(d)(1); 26 C.F.R. § 301-6330-1(f)(2) Q&A F3; *Goza v. Comm'r*, 114 T.C. 176, 181 (2000). Otherwise, the taxpayer may appeal to a federal district court. 26 U.S.C. § 6330(d)(1).

If, however, a taxpayer's request for a CDP hearing is not timely, the Commissioner may hold an "equivalent hearing," rather than a CDP hearing. 26 C.F.R. § 301.6330-l(i). An equivalent hearing generally follows the same procedures as those used for CDP hearing except that the resulting decision is not subject to judicial review, either by the Tax Court or

procedure have been met."

4

a federal district court. *Id*. *See also Fabricius v. United States*, 2002 WL 31662301, at *2 (E.D. Cal. 2002); *Moorhous v. Comm'r*, 116 T.C. 263, 270 (2001); *Kennedy v. Comm'r*, 116 T.C. 255, 263 (2001).

The district court concluded that Raft's request for a CDP hearing was untimely, coming some six months after the notice was issued. The district court further concluded that actual receipt of the notice is not required and the district court therefore had no jurisdiction to review the adverse decision from Raft's equivalent hearing. Assuming that this issue is properly before us, we agree that the district court properly dismissed Raft's claims for lack of subject matter jurisdiction. The regulations plainly state that a decision following an equivalent hearing is not subject to judicial review. 26 C.F.R. § 301.6330-1(i). Moreover, it is undisputed that Raft's request for a CDP hearing came more than 30 days after the notice of intent to levy was issued. No CDP hearing was required, thus no appealable decision was issued from the IRS.

On appeal, however, Raft argues that the district court erred by failing to require the Commissioner to produce evidence that the IRS official who sent him the notice had the authority to do so. The Commissioner argues that Raft has waived this argument on appeal inasmuch as it was not presented to the district court in opposition to the Commissioner's motion to dismiss. Raft argues that this issue was presented to the district court by referencing paragraph 29 of the complaint in which the delegation argument is raised. (Reply Br. at 4.)

It is well settled that this court will not consider an error or issue which could have

5

been raised below but was not. *Niecko v. Emro Mktg. Co.*, 973 F.2d 1296, 1299 (6th Cir. 1992); *see Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1172 (6th Cir. 1996) ("[i]ssues that are not squarely presented to the trial court are considered waived and may not be raised on appeal"); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1399 (6th Cir. 1995) ("vague references fail to clearly present the objection in the district court so as to preserve the issue for appellate review"). A fair reading of the record reveals that Raft's delegation argument was not the focus of his pleadings in opposition to the Commissioner's motion to dismiss and it is not addressed at all by the district court's opinion. Thus, we conclude that Raft has waived the only argument he has raised on appeal.

Even if we were to consider Raft's delegation argument, we find that it is without merit inasmuch as numerous courts have concluded that the relevant statutes and regulations demonstrate a valid delegation of authority from the Secretary of the Treasury down the chain of command to local IRS employees to issue notices. *See Herip v. United States*, 106 Fed. Appx. 995, 999, 2004 WL 1987302, at *4 (6th Cir. 2004); *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *Lemieux v. United States*, 230 F. Supp. 2d 1143, 1146 n.3 (D. Nev. 2002); *Nestor v. Comm'r*, 118 T.C. 162, 165-66; *see also Israel v. Comm'r*, T.C.M. 2003-338, 2003 WL 22940366 (U.S.Tax Ct. Dec. 15, 2003).

IV.

On appeal, the Commissioner has filed a motion for sanctions pursuant to 28 U.S.C.

6

§ 1912 and Fed. R. App. P. 38, under which we are authorized to award damages and costs against an appellant who has been found to have filed and pursued a frivolous appeal. The record reflects that the Commissioner timely filed a motion for sanctions and Raft has responded. *See* Fed. R. App. P. 38. Tax protestors who assert frivolous claims may be legally assessed damages on appeal. *See Schoffner v. Comm'r*, 812 F.2d 292, 294 (6th Cir. 1987). This court has indicated its disapproval of frivolous appeals in tax protestor cases and its intention to impose Fed. R. App. P. 38 sanctions and award costs. *See Martin v. Comm'r*, 756 F.2d 38, 41 (6th Cir. 1985); *Perkins v. Comm'r*, 746 F.2d 1187, 1188-89 (6th Cir.1984). An appeal is properly sanctioned as frivolous under 28 U .S.C. § 1912 and Rule 38 when the only issue raised has been clearly resolved against the appellant. *See Schoffner*, 812 F.2d at 293-94.

Raft's appeal can properly be classified as frivolous. The only issue raised on appeal is wholly without merit and has been rejected by numerous courts. Moreover, the sole issue raised on appeal was not squarely presented to the district court and was not the focus of the district court's opinion. Thus, Raft's appeal is dedicated to an argument he has waived.

The Commissioner has moved for sanctions to be awarded in the lump sum of $4,000. The Commissioner's request for an award of $4,000 is based on records of the Tax Division of the Department of Justice showing that the average expense incurred in the defense of taxpayer appeals in which sanctions were awarded during 1998 and the first half of 1999 was approximately $4,900. We have approved awarding lump-sum damages under Rule 38, rather than requiring a "detailed accounting" of expenses. *See, e.g., Schoffner*, 812 F.2d at

7

294 (awarding $1,200 based on the average award in a recent two-year period). In addition, we have found $4,000 to be a reasonable penalty in at least two unpublished decisions in so-called "tax protester" cases. *See Sawukaytis v. Comm'r*, 102 Fed. Appx. 29, 35, 2004 WL 1376612 at *5 (6ᵗʰ Cir. 2004); *United States v. Martin*, 19 Fed. Appx. 345, 346, 2001 WL 1136126 at *1 (6th Cir. 2001) (unpublished decision); *Lawrence v. United States*, 229 F.3d 1152, 2000 WL 1182452 at *3 (6th Cir. 2000) (unpublished decision). *See also Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000) (imposing $4,000 award to the Commissioner in a frivolous tax case). Although Raft's claims are clearly frivolous, he has not been identified as a persistent frivolous litigant. *See e.g., Tough v. I.R.S.*, 75 Fed. Appx. 438, 440, 2003 WL 22137237 at *2 (6ᵗʰ Cir. 2003). Thus, we feel that a sanction of $2,000.00 would be sufficient.

The Commissioner also requests that the award be assessed against Raft's former attorney, Jerry Arthur Jewett, jointly and severally with Raft.[3] We have noted that "[w]here a client reasonably relies on the advice of counsel, it may be that a sanction for a frivolous appeal is properly imposed on the attorney if the appeal is without merit or substance." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6ᵗʰ Cir. 1999). In addition, 28 U.S.C. § 1927 provides that courts can impose excess costs, expenses, and attorneys' fees on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."

---

[3]The record reflects that Mr. Jewett represented Raft throughout this litigation. After submitting briefs and a response to the motion for sanctions in this court, Mr. Jewett withdrew from representation of Raft, who is now proceeding *pro se*.

We have found that this standard is met "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Tareco Props., Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)).

It is clear to us, upon review of the record, that Jewett should have been aware of the frivolous nature of his client's claim given that the exact issue raised on appeal – by Jewett – was rejected by this court in the *Herip* case. *See* 106 Fed. Appx. at 999, 2004 WL 1987302 at *4. Moreover, the sole argument on appeal was not argued below, indicating that the attorney has unnecessarily multiplied the proceedings. Although Raft is now proceeding *pro se* and might well have pursued an appeal even in the absence of counsel, Jewett should have advised Raft that in pursuing an appeal, he and his client were risking the imposition of additional sanctions by this court. We thus have no difficulty in granting the Commissioner's final request and ordering that the award of $2,000 be imposed jointly and severally on the petitioner and his attorney.

V.

For the reasons given above, we grant the Commissioner's motion for sanctions in the amount of $2,000.00 to be imposed jointly and severally on Raft and his attorney, Jerry Arthur Jewett, and we affirm the judgment of the district court.