**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0622n.06

No. 15-5127

**FILED**
Sep 02, 2015
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **FASIL KEBEDE,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **On Appeal from the United** |
| **v.** | ) | **States District Court for the** |
| | ) | **Western District of Tennessee** |
| **SUNTRUST MORTGAGE, INC.,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |
| | ) | |
| _____/ | ) | |

**Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Plaintiff, Fasil Kebede, sued defendant, SunTrust Mortgage, Inc., alleging wrongful foreclosure, slander of title, and seeking to quiet title to his Tennessee home. The District Court dismissed plaintiff's complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. We affirm.

**I.**

In exchange for a mortgage loan, plaintiff executed a promissory note with Oakland Deposit Bank and a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). Oakland transferred its servicing rights to defendant, as did MERS the deed of trust. Plaintiff defaulted on his mortgage, and defendant initiated

foreclosure proceedings.  Plaintiff filed a complaint, resulting in a temporary restraining order prohibiting auction of the home.  The District Court issued a protective order limiting discovery to matters addressing whether defendant was a proper party, which defendant disputed as to certain claims.  The District Court granted defendant's motion to dismiss plaintiff's second amended complaint in a written opinion.

## II.

We review the District Court's order limiting discovery for an abuse of discretion. *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009).  Reversal is appropriate only where there is "a mistake that affects substantial rights and amounts to more than harmless error." *Id*. (quoting *Pressman v. Franklin Nat'l Bank*, 384 F.3d 182, 187 (6th Cir. 2004)).

We review *de novo* the District Court's dismissal of plaintiff's complaint for failure to state a claim, and "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012).

## III.

### A. Discovery Order

Plaintiff faults the District Court's denial of his motion to compel discovery, arguing that defendant's interrogatory responses were evasive or unresponsive.  Although defendant's responses may not have been as thorough as plaintiff might have liked, they fell squarely within the limited discovery order issued by the District Court, which "has broad discretion in regulating discovery[.]" *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x

481, 485 (6th Cir. 2007). The promissory note, deed of trust, and related assignment documents defendant provided to plaintiff were sufficient for plaintiff and the District Court to assess whether defendant was a proper party. The District Court did not abuse its discretion in declining to compel further discovery.

## B. Wrongful Foreclosure

Plaintiff asserts that defendant lacked the right to foreclose on his home because the deed of trust it received from MERS did not include the right to foreclose. Plaintiff is mistaken. The deed of trust provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . .

Tennessee is a title theory state, wherein "[t]he holder of legal title under a mortgage, such as a trustee, can foreclose on the property in the event of a default." *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 476 n.1 (citing *Malone v. Bank of N.Y. Mellon*, No. 3:13-cv-00518, 2013 WL 4508709, at *4 (M.D. Tenn. Aug. 23, 2013)). The deed of trust provided MERS title to the property, and explicitly afforded MERS the right to foreclose. MERS's assignment of the deed of trust therefore transferred its right to foreclose to defendant. *See* TENN. CODE ANN. § 47-3-203(b) ("Transfer of an instrument . . . vests in the transferee any right of the transferor to enforce the instrument . . . ."). The District Court thus properly dismissed plaintiff's complaint for failure to state a claim.

## C. Slander of Title

Plaintiff argues that the District Court erred in failing to infer malice in his slander of title claim. To establish slander of title, plaintiff must show that (1) he has an interest in the property, (2) defendant published false statements about title to the property, (3) with malice, and (4) the false statements were a proximate cause of his pecuniary loss. *Dauenhauer*, 562 F. App'x at 483. Plaintiff has not alleged – and no evidence suggests – that defendant published false statements regarding title to the property, any of which caused plaintiff a pecuniary loss. Nor is there any basis for an inference of malice in defendant's reasonable belief that the deed of trust authorized it to foreclose on plaintiff's property. The District Court properly dismissed plaintiff's slander of title claim.

## D. Quiet Title

Plaintiff lastly contends that the District Court erred in requiring that he hold title to the property to bring an action to quiet title, asserting that an arguable interest in the property is enough. However, to quiet title, "the complainant must show that he himself has the title, or else he has no right to have a cloud removed from that to which he has no title in himself." *Hoyal v. Bryson*, 53 Tenn. 139, 141 (1871). Tennessee being a title theory state, title resides with the mortgagor until the mortgagee satisfies his mortgage debt, which plaintiff has not. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). Accordingly, the District Court did not err in requiring plaintiff to show title to the property to bring a quiet title action.

**AFFIRMED.**